**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SHASHA SAGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No.  22-cv-07083-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re:  ECF No. 60] |

Before the Court is Defendant One Starfish, Inc.'s ("Starfish") motion to dismiss. ECF No. 60 ("Mot."). Plaintiff Shasha Sage, proceeding *pro se*, opposes the motion. ECF No. 69 ("Opp."). Starfish filed a reply in support of the motion. ECF No. 74. The Court found this motion appropriate for disposition without oral argument and vacated the hearing previously scheduled for June 27, 2024. *See* ECF No. 77; Civ. L.R. 7-1(b).

For the reasons discussed below, the Court GRANTS Starfish's motion to dismiss.

**I.    BACKGROUND**

Plaintiff alleges that she was a registered member of the Starfish Safe Parking Program, which gave her the right to park in the District Court Parking Lot ("Lot") in Marina, California. ECF No. 1 ("Compl.") ¶ 17. Prior to the events of November 12, 2021, Plaintiff had parked in the Lot for over 2.5 years. *Id.* She alleges that she was given permission to park her recreational vehicle ("RV") in the Lot permanently, including overnight. *Id.* On November 12, 2021, Plaintiff was "unlawfully evicted" and "unlawfully denied access to her RV" by the Monterey County Sheriff's Department, when she was arrested for resisting a police officer and battery upon a police officer. *Id.* ¶ 18.

On November 10, 2022, Plaintiff filed her complaint in this case. Compl. Plaintiff alleges

1  that during the arrest, the officers used excessive force and deprived her of her RV, trailer, and
2  personal property. *Id.* ¶¶ 19–21. The complaint brings 11 causes of action against the County and
3  the officers who effectuated Plaintiff's arrest. Relevant here is Plaintiff's last cause of action,
4  which is a claim for wrongful eviction against the County and against Starfish, and the only cause
5  of action brought against Starfish. *See* Compl. ¶¶ 73–78. She alleges wrongful eviction in
6  violation of: (1) common law; (2) California Civil Code § 799.20 *et seq.*; (3) California Civil Code
7  §§ 1946 and 1946.2; (4) California Code of Civil Procedure § 1162; and (5) California Code of
8  Civil Procedure § 1159 *et seq.* Compl. ¶ 75.

## II.   LEGAL STANDARD

"A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

1   amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III. DISCUSSION

#### A. Motion to Strike

In support of her opposition to the motion to dismiss, Plaintiff attached a declaration and two exhibits. ECF No. 69-1 ("Sage Decl."). Starfish moved to strike this evidence as inappropriate on a motion to dismiss. ECF No. 74-1.

A court generally cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Although the Court may consider items of which it can take judicial notice, Plaintiff has not moved for judicial notice. The Court agrees with Starfish that consideration of this additional evidence is inappropriate in determining the merits of the motion to dismiss for failure to state a claim. Thus, Starfish's motion to strike is GRANTED. However, Plaintiff's declaration represents that these are "potential additional allegations" that she would plead if given leave to amend. Accordingly, the Court will consider Plaintiff's declaration and evidence only to the extent that it is relevant to whether the Court should grant leave to amend.

#### B. Common Law Wrongful Eviction

Starfish argues that a wrongful eviction cause of action does not exist under California common law. Mot. at 4. Plaintiff responds that the relationship between a landlord and tenant is governed by both real property and contract law and that Starfish's relationship with Plaintiff is governed by its verbal representations to Plaintiff and its internal rules. Opp. at 5. In reply, Starfish argues that Plaintiff's breach of contract theory should be rejected because it was introduced for the first time in her opposition and Plaintiff fails to plead that she entered into a contact with Starfish. Reply at 4–5.

First, Starfish is incorrect that a cause of action for wrongful eviction does not exist in common law. California courts recognize a cause of action for common law wrongful eviction.

3

1  *See, e.g.*, *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4th 1004, 1039 (2009).
2  Starfish relies incorrectly on the California Civil Jury Instructions for unlawful detainer, which is a
3  summary proceeding to determine the right of possession to real property and is governed by the
4  statutory provisions of Chapter 4 of Title 3 of Part 3 of the California Code of Civil Procedure.
5  *See* Cal. Civ. Proc. Code § 1159 *et seq.*; *Losornio v. Motta*, 67 Cal.App.4th 110, 113 (1998), *as*
6  *modified* (Oct. 8, 1998), *as modified* (Nov. 2, 1998) ("Procedures and proceedings in unlawful
7  detainer were not known at common law and are entirely creatures of statute."); *see also Spinks*,
8  171 Cal.App.4th at 1039 (acknowledging that the statutory remedies under § 1159 are not
9  exclusive and discussing a tort claim for wrongful eviction).

10        Second, to the extent that Plaintiff relies on *Spinks v. Equity Residential Briarwood*
11  *Apartments*, her reliance is misplaced. Plaintiff cites and discusses a section of *Spinks* that
12  addresses a breach of contract claim arising from a lease. *See* Opp. at 5 (citing *Spinks*, 171
13  Cal.App.4th at 1031–32). As Starfish correctly points out, Plaintiff has not brought a breach of
14  contract claim, nor has she alleged any of the elements to establish breach of contract.

15        Finally, the Court concludes that Plaintiff has failed to allege a common law wrongful
16  eviction claim. The elements of wrongful eviction under tort law are that the plaintiff was "in
17  peaceable possession of real property" and the defendant forcibly entered the property. *See*
18  *Spinks*, 171 Cal.App.4th at 1039. The Court must view the factual allegations in the complaint in
19  the light most favorable to Plaintiff, but she has alleged no facts that would plausibly suggest that
20  she was in peaceable possession of real property. Plaintiff's RV is not real property. *See* Cal. Civ.
21  Code § 658 (defining real property as "1. Land; 2. That which is affixed to land; 3. That which is
22  incidental or appurtenant to land; 4. That which is immovable by law . . ."). To the extent that
23  Plaintiff's claim relies on her rights to a parking space, Plaintiff raises a conclusory allegation that
24  she had "parking rights" in the Lot, Compl. ¶ 17, but she does not allege the existence of a lease or
25  any other facts that would show that she had "the right to exclusive possession as against the
26  whole world, including the landowner." *See Spinks*, 171 Cal.App.4th at 1040 (distinguishing a
27  tenancy from a mere license to occupy real property for purposes of a wrongful eviction claim).
28        Accordingly, the Court GRANTS Starfish's motion to dismiss Plaintiff's claim to the

extent it raises a common law wrongful eviction theory. However, Plaintiff appears to suggest in her briefing that she had an oral contract or agreement under which gave rights to the real property on which her RV rested. Because it is possible that Plaintiff could allege further facts showing tenancy even in the absence of allegations that she paid rent, the Court will DISMISS Plaintiff's common law wrongful eviction theory WITH LEAVE TO AMEND. Plaintiff may amend her complaint to bring a breach of contract theory and/or wrongful eviction theory supported by more fulsome factual allegations.

### C. Recreational Vehicle Park Occupancy Law

Starfish argues that the Recreational Vehicle Park Occupancy Law, Cal. Civ. Code § 799.20 *et seq.*, does not apply because the Lot is not a "recreational vehicle park" within the meaning of the statute. Mot. at 4–5. Plaintiff responds by arguing that a "recreational vehicle park" is any land held out to accommodate owners or users of RVs and that the Lot meets this requirement. Opp. at 6–7. Plaintiff also argues that it is not relevant whether she paid rent and that the mobile home park laws do not apply to this case. *Id.* at 7.

California Civil Code § 799.20 *et seq*, the "Recreational Vehicle Park Occupancy Law," applies to recreational vehicle parks. "'Recreational vehicle park' or 'park' has the same meaning as defined in Section 18862.39 of the Health and Safety Code." Cal. Civ. Code § 799.30. Section 18862.39 defines a "Recreational vehicle park" as:

> any area or tract of land, or a separate designated section within a mobilehome park *where two or more lots are rented, leased, or held out for rent or lease, or were formerly held out for rent or lease* and later converted to a subdivision, cooperative, condominium, or other form of resident ownership, to accommodate owners or users of recreational vehicles, camping cabins, or tents.

Cal. Health & Safety Code § 18862.39 (emphasis added). Plaintiff argues that the statute should be read to cover two categories: (1) "any area or tract of land, . . . to accommodate owners or users of recreational vehicles, camping cabins, or tents"; and (2) "a separate designated section within a mobilehome park . . . ." Opp. at 6–7. However, Plaintiff's reading of the statute is unreasonable because Plaintiff's first category is so broad that it would swallow the second category and render the vast majority of the statute's language surplusage. *See United States v. Jicarilla Apache*

5

*Nation*, 564 U.S. 162, 185 (2011) ("As our cases have noted in the past, we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." (quoting *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 837 (1988))); *People v. Marquez*, 89 Cal.App.5th 1212, 1223 (2023) (stating that the "canon against surplusage" requires that courts must generally "accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose" (cleaned up) (quoting *Sturgeon v. County of Los Angeles*, 242 Cal.App.4th 1437, 1447 (2015))). In order to give effect to the language requiring that lots be "rented, leased, or held out for rent or lease, or were formerly held out for rent or lease," the Court reads this language as applying to "any area or tract of land, or a separate designated section within a mobilehome park." *See* Cal. Health & Safety Code § 18862.39.

Plaintiff has presented no factual allegations that would plausibly support a conclusion that the Lot was rented, leased, were held out for rent or lease, or was formerly held out for rent or lease. As above, Plaintiff alleges only that she had "parking rights," Compl. ¶ 17, but she does not allege that she or any of the other participants in the safe parking program paid rent or were subject to lease agreements. In light of this deficiency, the Court finds that the Recreational Vehicle Occupancy Law does not apply to this case, and GRANTS Starfish's motion to dismiss Plaintiff's claim to the extent it brings a claim under that law. The Court finds that amendment of Plaintiff's Recreational Vehicle Park Occupancy Law theory would be futile and DISMISSES WITHOUT LEAVE TO AMEND. "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

### D. Hiring of Property

Starfish argues that Cal. Civ. Code §§ 1946 and 1946.2 do not apply because the statutes require allegations of the existence of a contract or some form of remuneration and because the statutes only apply to "dwelling units" consisting of a "structure." Mot. at 5–7. Starfish also argues that § 1946 applies only to the hiring of real property and that § 1946.2 applies only to residential real property, and neither requirement is satisfied in this case. *Id.* at 7. Plaintiff argues

6

1    that her "rental of a parking space for her RV" qualifies as the hiring of real property for purposes

2    of § 1946.  Opp. at 8.  However, Plaintiff agrees that § 1946.2 does not apply because it is limited

3    to dwelling units.  *Id.*

4        Because the parties agree that § 1946.2 is inapplicable to this case, the Court need only

5    address § 1946.  Section 1946 states that when a person "hire[s] . . real property, for a term not

6    specified by the parties," such a tenancy can only be terminated by written notice 30 days in

7    advance.  Cal. Civ. Code § 1946.  Starfish is incorrect in arguing that § 1946 applies only to

8    "dwelling units."  *See* Mot. at 5–6 (discussing Cal. Civ. Code § 1940, which provides the

9    definitions for chapter 2).  California Courts have read the provisions of § 1940, on which Starfish

10   relies, as providing that "all the provisions of chapter 2 apply to leases of dwelling units and,

11   unless specifically limited to such leases, apply to all other types of leases as well." *Rich v.*

12   *Schwab*, 63 Cal.App.4th 803, 812–13 (1998), *as modified* (June 1, 1998).

13       Even though § 1946 applies to the hiring of real property without limitation to a dwelling

14   unit, Starfish is correct that Plaintiff has failed to state a claim because she does not allege any

15   facts that would plausibly support a finding that she is a "hirer" of real property.  Courts must

16   interpret statutes "consistent with their ordinary meaning at the time Congress enacted the statute,

17   because absent contextual evidence that Congress intended to depart from the ordinary meaning of

18   an undefined term, the ordinary meaning of language expresses the legislative purpose." *Trim v.*

19   *Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023) (cleaned up) (first quoting *Perrin v.*

20   *United States*, 444 U.S. 37, 42 (1979); then quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 57

21   (1990)).  Section 1940 does not define "hire," and there is no contextual evidence that the statute's

22   use of the term "hire" departs from the ordinary meaning of the term.  The ordinary meaning of

23   "hire" includes the payment.  *See* Black's Law Dictionary (11th ed. 2019) ("1. To engage the labor

24   or services of another *for wages or other payment*. 2. To procure the temporary use of property,

25   *usu. at a set price*.").  Plaintiff has not alleged any facts that plausibly show that she provided rent

26   or any other compensation to Starfish for her use of the parking spot.  Put differently, if Plaintiff

27   did not pay rent or provide some form compensation, then she is not a "hir[er] of real property" for

28   purposes of § 1946.  *Cf. Spinks*, 171 Cal.App.4th at 1035 (finding that there was a dispute of

United States District Court
Northern District of California

1   material fact as to whether the plaintiff was a "hirer" of property because, although Plaintiff did
2   not pay rent, she received the apartment as part of her compensation for employment); *Harris v.*
3   *Univ. Vill. Thousand Oaks, CCRC*, LLC, 49 Cal.App.5th 847, 853 (2020) (finding that the
4   plaintiffs were "hirers" for purposes of § 1940 because they paid for the right to live in the
5   residence).

6   Accordingly, the Court GRANTS Starfish's motion to dismiss Plaintiff's claim based on
7   Cal. Civ. Code §§ 1946 and 1946.2.  The Court DISMISSES Plaintiff's theory with respect to
8   § 1946.2 WITHOUT LEAVE TO AMEND.  Although Plaintiff does not allege that she paid rent,
9   it is possible that Plaintiff could allege further facts that show she was a "hirer" of real property
10  even in the absence of allegations that she paid rent.  Accordingly, the Court will DISMISS
11  Plaintiff's theory with respect to § 1946 WITH LEAVE TO AMEND.

### E. Unlawful Detainer Act

13  Starfish argues that Cal. Civ. Proc. Code § 1162 does not apply to RVs.  Mot. at 7–8.
14  Plaintiff responds that she does not rely solely on § 1162 and instead cites to the entirety of
15  Chapter 4.  Opp. at 8.  Plaintiff further argues that RVs are not excluded from Chapter 4 and that
16  the unlawful detainer statute still applies to "real property."  *Id.* at 9.  Plaintiff also argues that
17  Starfish abandoned its argument by failing to provide legal citations.  *Id.* at 8.

18  Although Plaintiff states that she does not rely solely on § 1162, Plaintiff's complaint
19  specifically states that the County and Starfish failed to follow the procedures under Cal. Civ.
20  Proc. Code § 1162.  Compl. ¶ 75 (arguing that the County and Starfish "fail[ed] to provide proper
21  eviction notice and follow the procedures of . . . (iv) Section 1162 of the California Code of Civil
22  Procedure").  To the extent that Plaintiff still argues that Defendants violated § 1162, this
23  provision is inapplicable to this case.  Section 1162 is the notice provision for notices required to
24  initiate unlawful detainer actions under §§ 1161 and 1161a.  However, an unlawful detainer action
25  under §§ 1161 and 1161a is a procedural mechanism for effectuating a lawful eviction in three
26  statutorily specified situations: (1) landlord against tenant for unlawfully holding over or for
27  breach of the lease; (2) owner against servant, employee, agent, or licensee whose relationship has
28  terminated; and (3) purchaser at sale under execution, foreclosure or power of sale in mortgage or

deed of trust, against the former owner or possessor.  *See* Kimberly A. Gaab & Sara Church Reese, Cal. Prac. Guide Civ. Pro. Trial Claims and Def. (The Rutter Group 2023) ¶¶ 11:1–2.  Notably, §§ 1161, 1161a, and 1162 do not create a procedural mechanism for a *tenant* to bring a cause of action for deficient notice.  Instead, the notice procedures are an affirmative defense to an unlawful detainer action.  *See id.* ¶¶ 11:212–15 (discussing how defects in notice are an affirmative defense to unlawful detainer and collecting cases).  To the extent that a tenant seeks a remedy for a wrongful eviction, the forcible entry and forcible detainer provisions at Cal. Civ. Proc. Code §§ 1159 and 1160 provide the cause of action.  *See Spinks*, 171 Cal.App.4th at 1038 ("A tenant holding over without permission is technically a trespasser.  But by statute the owner must use the unlawful detainer procedure, and, if the owner ousts the tenant forcibly, the tenant may regain possession by an action for forcible entry." (quoting 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 421, p.636)).

Accordingly, the Court GRANTS Starfish's motion to dismiss Plaintiff's claim based on Cal. Civ. Proc. Code § 1162.  Because Plaintiff cannot state an affirmative claim under § 1162, the Court finds that amendment would be futile and DISMISSES WITHOUT LEAVE TO AMEND.  *Wheeler*, 894 F.3d at 1059.

### F. Forcible Entry

Starfish argues that Cal. Civ. Proc. Code § 1159 does not apply because the statute requires entering a house or trespassing onto real property, of which an RV is neither.  Mot. at 8–9.  Starfish also argues that it did not "violently" enter Plaintiff's property and that Plaintiff did not "hire real property."  *Id.* at 9.  Plaintiff argues that trespass to real property includes real property on which an RV rests and that Starfish has abandoned its argument by failing to provide legal citations.  Opp. at 9.

Although Starfish is correct that an RV does not qualify as real property under the unlawful detainer statute, the land on which the RV rests is real property for which Plaintiff may have a forcible entry claim.  *See Smith v. Mun. Ct.*, 202 Cal.App.3d 685, 689 (1988) (rejecting a similar argument and finding that, although a boat is not real property for purposes of unlawful detainer, the rental of a space on the water is rental of real property).  However, Plaintiff has failed

1    to adequately allege facts that would plausibly show how Starfish is liable for forcible entry.  As

2    discussed above, Plaintiff has failed to allege sufficient facts showing that she was a hirer of real

3    property or that she otherwise had rights to the real property on which her RV rested.

4          Accordingly, the Court GRANTS Starfish's motion to dismiss Plaintiff's claim based on

5    Cal. Civ. Proc. Code § 1159.  Because Plaintiff appears to be alleging an oral agreement giving

6    her rights to the parking space and that she was in possession of the space for 2.5 years, Plaintiff

7    may be able to allege that she was a hirer of real property.  Thus, the Court will DISMISS

8    Plaintiff's forcible entry theory WITH LEAVE TO AMEND.

### G. Federal Pro Se Program

The Court urges Plaintiff to contact the Federal Pro Se Program for assistance in amending her common law wrongful eviction, Cal. Civ. Code § 1946, and forcible entry theories.  The Federal Pro Se Program is a free program that offers limited legal services and advice to parties who are representing themselves.  The Federal Pro Se Program has an office at the location listed below.  Help is provided by appointment and on a drop-in basis.  Parties may make appointments by calling the program's staff attorney, Haohao Song, at 408-297-1480.  Additional information about the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

> Federal Pro Se Program
> United States Courthouse
> 280 South 1st Street 2nd Floor, Room 2070
> San Jose, CA 95113
> Monday to Thursday 9:00 am – 4:00 pm

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant One Starfish, Inc.'s motion to dismiss (ECF No. 60) is GRANTED.

1. Plaintiff's common law wrongful eviction, Cal. Civ. Code § 1946, and forcible entry theories are DISMISSED WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within 30 days of the date of this Order, subject to reasonable extension by motion or stipulation.

2. Plaintiff's Recreational Vehicle Park Occupancy Law, Cal. Civ. Code § 1946.2,

and Cal. Civ. Proc. Code § 1162 theories are DISMISSED WITHOUT LEAVE TO AMEND.

Dated: May 28, 2024

_____
BETH LABSON FREEMAN
United States District Judge