# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SHASHA SAGE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No.  5:22-cv-07083-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND GRANTING DEFENDANT ONE STARFISH'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re:  ECF Nos. 91, 94] |

Before the Court are two motions to dismiss Plaintiff's First Amended Complaint. Defendants County of Monterey, Matthew Mendoza, Scott Davis, Angel Estrada, and Matthew Perez (collectively, "County Defendants") filed one of the motions.  ECF No. 91 ("County Mot."). The second was filed by Defendant One Starfish, Inc.  ECF No. 94 ("Starfish Mot.").  Plaintiff Shasha Sage, proceeding *pro se*, opposes both motions.  ECF Nos. 96, 97.  Both the County Defendants (ECF No. 99) and One Starfish (ECF No. 98) filed replies in support of their respective motions.  The Court finds the motions suitable for disposition without oral argument, and hereby VACATES the hearing set for January 9, 2025.  *See* Civ. L.R. 7-1(b).  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the County Defendants' motion to dismiss and GRANTS One Starfish's motion to dismiss.

## I.    BACKGROUND

### A.  Factual Background

For purposes of this motion, the Court takes as true the following facts alleged in Plaintiff's First Amended Complaint.  ECF No. 90 ("FAC").

Plaintiff Shasha Sage ("Sage") was a "registered member of the One Starfish Safe Parking Program," which enabled her to park in the District Four Parking Lot located at 2616 1st Avenue

in Marina, California. FAC ¶ 17. The operator of the program permitted Sage to "park her RV in the lot permanently, including overnight[]," and Sage had been parking in her designated space for two and a half years as of November 12, 2021. *Id.* On that date, however, Sage was evicted from the parking lot by the Monterey County Sheriff's Department and denied access to her RV. *Id.* ¶ 18. She had not previously received an eviction notice. *Id.* ¶ 18.

During the eviction process, Sage attempted to access her living space and allegedly ran over a police officer's foot with her walker as she tried to enter the RV. *Id.* She was arrested for battery and for resisting a police officer. *Id.* The officers arresting her seized and subdued her, causing her bodily injuries including head trauma and laceration and injuries to her wrist and arms. *Id.* ¶¶ 19–20. In addition, her RV and her trailer were towed, and Sage was unable to recover the trailer. *Id.* ¶ 21. She was likewise unable to recover personal items including bicycles, pots, pans, jewelry, a tow bar, and eighteen 55-gallon drums, each of which contained clothing and other living articles. *Id.* Finally, Sage had stored in excess of $20,000 in cash in her RV, all of which was missing when she recovered her RV after it was towed. *Id.* ¶ 22.

**B. Procedural Background**

Plaintiff filed her initial Complaint in this case on November 10, 2022. ECF No. 1. After answering the Complaint in March 2023, ECF No. 18, Defendants County of Monterey, Scott Davis, Angel Estrada, Matthew Mendoza, and Matthew Perez filed a Motion for Summary Judgment on October 6, 2023, ECF No. 32. The Court issued its order on the Motion for Summary Judgment on June 10, 2024, granting summary judgment in favor of the County Defendants on Claim 1 to the extent it raised a claim for false arrest in violation of the Fourth Amendment, Claim 4 (state-created danger in violation of the Fourteenth Amendment), Claim 5 (violation of the Bane Act), Claim 6 (*Monell* liability), Claim 9 (false arrest), and Claim 11 (wrongful eviction) to the extent that it raised a claim under the Recreational Vehicle Occupancy Law. ECF No. 82 ("MSJ Order").

Meanwhile, Defendant One Starfish, Inc. filed a motion to dismiss Count 11 of Plaintiff's initial Complaint. ECF No. 60. The Court granted the motion to dismiss on May 28, 2024, dismissing Plaintiff's common law wrongful eviction, California Civil Code § 1946, and forcible

1    entry theories with leave to amend.  ECF No. 80.  Plaintiff's Recreational Vehicle Park Occupancy

2    Law, California Civil Code § 1946.2, and California Civil Procedure Code § 1162 theories were

3    dismissed without leave to amend.  *Id.* at 10–11.

4    　　　Plaintiff filed her First Amended Complaint on August 5, 2024.  ECF No. 90.  The FAC

5    alleges twelve causes of action: (1) a claim for unreasonable seizure in violation of the Fourth

6    Amendment and Article I, § 13 of the California Constitution against the County Defendants, FAC

7    ¶¶ 23–27; (2) a claim of excessive force in violation of Fourth Amendment and Article I, § 13 of

8    the California Constitution against the County Defendants, FAC ¶¶ 28–38; (3) a claim of violation

9    of her due process rights under the Fourteenth Amendment and Article I, § 7 of the California

10   Constitution against the County Defendants, FAC ¶¶ 39–45; (4) a claim of state-created danger in

11   violation of the Fourteenth Amendment against the County Defendants, FAC ¶¶ 46–47; (5) a

12   claim under California Civil Code § 52.1 against the County Defendants, FAC ¶¶ 48–50; (6) a

13   withdrawn claim for county liability under 42 U.S.C. § 1983 and Article I, § 13 of the California

14   Constitution, FAC ¶ 51; (7) a claim under California Civil Code § 2080 against the County

15   Defendants, FAC ¶¶ 52–53; (8) a claim for conversion against the County Defendants, FAC

16   ¶¶ 54–59; (9) a claim for false arrest against the County Defendants, FAC ¶¶ 60–63; (10) a claim

17   for battery against the County Defendants,  FAC ¶¶ 64–67; (11) a claim of wrongful eviction

18   against the County of Monterey and One Starfish, FAC ¶¶ 68–77; and (12) a claim for injunctive

19   relief, FAC ¶¶ 78–87.

20   　　　The County Defendants filed a Motion to Dismiss, in whole or in part, all claims in the

21   First Amended Complaint other than the wrongful eviction claim.  ECF No. 91.  One Starfish, Inc.

22   filed its own Motion to Dismiss, seeking dismissal of the wrongful eviction claim.  ECF No. 94.

23   ## II.    LEGAL STANDARD

24   　　　"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

25   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

26   lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v.*

27   *Gamble*, 429 U.S. 97, 106 (1976)).

28   　　　"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

2    *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

3    729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

4    as true all well-pled factual allegations and construes them in the light most favorable to the

5    plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

6    Court need not "accept as true allegations that contradict matters properly subject to judicial

7    notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

8    unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

9    While a complaint need not contain detailed factual allegations, it "must contain sufficient factual

10    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

11    556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

12    claim is facially plausible when it "allows the court to draw the reasonable inference that the

13    defendant is liable for the misconduct alleged." *Id.*

14    In deciding whether to grant leave to amend, the Court must consider the factors set forth

15    by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the

16    Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district

17    court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:

18    (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

19    amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence*

20    *Capital*, 316 F.3d at 1051–52.  "[I]t is the consideration of prejudice to the opposing party that

21    carries the greatest weight." *Id.* at 1052.  However, a strong showing with respect to one of the

22    other factors may warrant denial of leave to amend.  *Id.*

23    **III.    DISCUSSION**

24    **A.  Counts IV, V, and IX: Res Judicata**

25    "The doctrine of res judicata provides that 'a final judgment on the merits bars further

26    claims by parties or their privies based on the same cause of action.'" *Tahoe-Sierra Pres. Council,*

27    *Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *In re Schimmels*,

28    127 F.3d 875, 881 (9th Cir. 1997)).  "Res judicata is applicable whenever there is (1) an identity of

1  claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* (quoting

2  *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)).

3        The Court previously granted summary judgment in favor of the County Defendants on a

4  number of claims pled in the First Amended Complaint.  The County Defendants argue that res

5  judicata—or claim preclusion—applies to three of the causes of action in Plaintiff's First

6  Amended Complaint: the claim of state-created danger against the County Defendants (Count IV),

7  the Bane Act claim against the County Defendants (Count V), and the false arrest claim against

8  the County Defendants (Count IX).  County Mot. at 4–5.  Defendants are correct that all three

9  causes of action are identical in name and supporting allegations between Plaintiff's initial and

10  amended complaints.  *Compare* Compl. ¶¶ 46–47 (state-created danger), ¶¶ 48–50 (Bane Act),

11  *and* ¶¶ 65–68 (false arrest), *with* FAC ¶¶ 46–47 (state-created danger), ¶¶ 48–50 (Bane Act), *and*

12  ¶¶ 60–63 (false arrest).  Summary judgment is a "final judgment on the merits" for purposes of the

13  claim preclusion rule, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987–88 (9th Cir. 2005),

14  and this Court granted summary judgment in favor of the County Defendants on Counts IV, V and

15  IX of the initial Complaint on June 10, 2024, ECF No. 82 at 29–30.  Finally, the parties on all

16  three claims are "identical," so the existence of privity is "quite obvious[]."  *See Tahoe-Sierra*

17  *Pres. Council*, 322 F.3d at 1081.

18        Therefore, since all three elements of the claim preclusion rule are satisfied, Plaintiff is

19  barred from re-asserting Counts IV, V and IX in the First Amended Complaint.  Plaintiff does not

20  dispute that these three causes of action are precluded.  *See* ECF No. 96 at 1, 3.  Counts IV, V and

21  IX of the First Amended Complaint are DISMISSED WITHOUT LEAVE TO AMEND.

22       **B. Count I: Unreasonable Seizure**

23        Count I of Plaintiff's First Amended Complaint includes two theories of unreasonable

24  seizure:  First, Plaintiff alleges that the County Defendants violated her Fourth Amendment rights

25  to be free from unreasonable seizure of her property.  FAC ¶ 24.  Second, Plaintiff alleges that the

26  County Defendants violated her right to be free from false arrest.  *Id.* ¶ 25.  The County

27  Defendants' motion to dismiss does not address Plaintiff's unreasonable seizure of property

28  theory, other than to challenge it on *Monell* grounds insofar as it is asserted against the County of

United States District Court
Northern District of California

1    Monterey.  *See* County Mot. at 7; *infra* section III.C.

2    This Court previously granted summary judgment to the County Defendants on Plaintiff's

3    claim for false arrest in violation of the Fourth Amendment.  MSJ Order at 12.  But the Court

4    denied summary judgment with respect to the false arrest claim based on the California

5    Constitution, because Defendants failed to identify the essential elements or provide argument on

6    that theory.  *Id.* at 9–10, 12.  The Court also denied summary judgment to the County Defendants

7    on Plaintiff's Fourth Amendment claim based on unreasonable seizure of her property.  *Id.* at 20.

8    Now, the County Defendants argue in favor of dismissal of Plaintiff's false arrest claim

9    based on the California Constitution.  The County Defendants say that the elements of false arrest

10    under the California Constitution are coextensive with those under the common law: "(1) the

11    nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an

12    appreciable period of time, however brief."  *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir.

13    2007) (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000)).  Since "probable

14    cause to believe that a person has committed any crime will preclude a false arrest claim, even if

15    the person was arrested on additional or different charges for which there was no probable cause,"

16    *Ewing v. City of Stockton*, 588 F.3d 1218, 1230 n.19 (9th Cir. 2009) (quoting *Holmes v. Village of*

17    *Hoffman Est.*, 511 F.3d 673, 682 (7th Cir. 2007)), Defendants argue that the allegations in

18    Plaintiff's FAC regarding resisting arrest and running her walker over an officer's foot

19    demonstrate that a false arrest claim is precluded.  *See* Cal. Penal Code § 847(b)(1) (indicating

20    officer is not liable for false arrest if he had "reasonable cause to believe the arrest was lawful").

21    In her opposition brief, Plaintiff waives her false arrest claim based on the California

22    Constitution, concurring that the same factual allegations precluding the federal false arrest claim

23    under Count I likewise bar the claim based on the California Constitution.  *See* ECF No. 96 at 3–4.

24    Plaintiff's theory of false arrest under the California Constitution in Count I of the First Amended

25    Complaint is therefore DISMISSED WITHOUT LEAVE TO AMEND.

26    **C.  Counts I, II, and III:  The County's *Monell* Liability on Plaintiff's Unreasonable**
       **Seizure, Excessive Force, and Due Process Claims**

27

28    In order to proceed against a local entity defendant on a 42 U.S.C. § 1983 claim, a plaintiff

United States District Court
Northern District of California

must show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the officers of the entity, or that the deprivation occurred pursuant to a widespread "custom" practiced by the entity. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). The County argues that Plaintiff's FAC "fails to allege . . . any specific official policy, ordinance, regulation, or decision" leading to the section 1983 violations asserted in Counts I, II, and III beyond the "bare assertion" that the violations occurred "pursuant to the policies, practices and customs of the CITY." County Mot. at 7. This conclusory statement, the County says, is insufficient to survive a motion to dismiss. *Id.* In response, Plaintiff argues that the County has waived its arguments for dismissal of these counts by failing to address (1) the facts the Court found in denying summary judgment on these causes of action, and (2) the allegations in the FAC that Defendants failed to give Plaintiff notice of the impending seizure and failed to properly preserve her property after it was seized. ECF No. 96 at 4–5.

The Court agrees that Plaintiff's FAC has failed to provide sufficient facts to plausibly allege *Monell* liability as to the County. Plaintiff cites *Winslow v. City of Oakland*, No. 20-CV-01510, 2020 WL 1031759 (N.D. Cal. Mar. 3, 2020), and *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012), in support of the proposition that seizure and destruction of personal property by a local entity that fails to give notice and properly preserve the property can subject the entity to constitutional liability. ECF No. 96 at 5. On that point, Plaintiff is correct. At the same time, though, Plaintiff's cases support the County's argument regarding the insufficiency of Plaintiff's FAC. In both *Winslow* and *Lavan*, the facts alleged suggested that the local entity in question had a policy or practice of taking such action with respect to seized property. Specifically, the *Winslow* plaintiffs alleged that the city defendant "*repeatedly* failed to comply with its own policies during previous evictions," evincing a potential custom or practice of unconstitutional seizure and destruction of property. 2020 WL 1031759, at *4. And in *Lavan*, the underlying district court order reveals that the city in question admitted that it had "a practice of on-the-spot destruction of seized property" belonging to homeless persons. *Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005, 1017 (C.D. Cal. 2011). In contrast, Plaintiff's FAC does not

1    support *Monell* liability, because Plaintiff does not allege specific facts indicating that the County

2    of Monterey has a policy or a widespread or longstanding practice of seizing and destroying

3    personal property without proper notice or preservation.  She alleges only the single instance

4    giving rise to her lawsuit, and that is not enough.  *See* FAC ¶¶ 39–45.  The County is correct that,

5    without more, Plaintiff's single allegation that "[e]mployees of the COUNTY have engaged in the

6    acts complained of herein pursuant to the policies, practices and customs of the CITY" is too

7    speculative and conclusory to survive a motion to dismiss.  *See id.* ¶ 8.

8         Plaintiff's brief in opposition to the County Defendants' motion does not directly address

9    how the *Monell* issue impacts Plaintiff's claim of excessive force against the County.  *See* ECF

10   No. 96 at 4–5.  However, the same flaw infects Count II as Counts I and III insofar as that cause of

11   action is asserted against the County of Monterey: because Plaintiff fails to allege any concrete

12   facts supporting a policy, practice, or custom of using excessive force, her FAC fails to adequately

13   allege a viable claim against the County.  This is why the Court previously granted summary

14   judgment in favor of the County on Claim 6 of the initial Complaint, *see* MSJ Order at 26–27,

15   leading Plaintiff to withdraw Claim 6 in her First Amended Complaint, *see* FAC ¶ 51.

16        Finally, Plaintiff's waiver argument is unpersuasive.  *See* ECF No. 96 at 5.  For one, the

17   County Defendants are correct that *Armentero v. Immigr. & Natur. Serv.*, 412 F.3d 1088 (9th Cir.

18   2005), pertains to the "general appellate rule that an argument may not be raised for the first time

19   in a reply brief."  County Reply at 3.  Contrary to Plaintiff's assertions, it does not stand for the

20   rule that a defendant must address the factual determinations in a previously issued order on a

21   motion for summary judgment in order to prevail on a later motion to dismiss.  And in any event,

22   neither the Court's conclusions in the summary judgment order nor Plaintiff's new allegations

23   suggest the existence of a policy or practice subjecting the County of Monterey to *Monell* liability.

24        In sum, Counts I, II, and III of the First Amended Compliant are DISMISSED WITHOUT

25   LEAVE TO AMEND insofar as they are asserted against Defendant County of Monterey.  The

26   County Defendants do not seek dismissal of Counts II and III, or of the unreasonable seizure of

27   property theory in Count I, insofar as they are asserted against the individual officers, and the

28   Court has already denied summary judgment in favor of the officers on Counts II and III and on

United States District Court
Northern District of California

1   the unreasonable seizure of property portion of Count I.  Therefore, Plaintiff may proceed on the

2   unreasonable seizure of property theory in Count I and on Counts II and III against Scott Davis,

3   Angel Estrada, Matthew Mendoza, and Matthew Perez.

4       **D.  Count VII: California Civil Code § 2080** *et seq.*

5   Section 2080 of the California Civil Code states:

6           Any person who finds a thing lost is not bound to take charge of it, unless the
        person is otherwise required to do so by contract or law, but when the person does take
        charge of it he or she is thenceforward a depositary for the owner, with the rights and
7       obligations of a depositary for hire. Any person or any public or private entity that finds
        and takes possession of any money, goods, things in action, or other personal property . . .
8       shall, within a reasonable time, inform the owner, if known, and make restitution without
        compensation, except a reasonable charge for saving and taking care of the property.

9

10  Cal. Civ. Code § 2080.  The County Defendants do not challenge this claim as asserted

11  against the County of Monterey.  *See* County Mot. at 7.  However, they make two arguments in

12  favor of dismissing Count VII against the individual officer defendants:  First, the County

13  Defendants point out that "Plaintiff does not allege that the individual defendants . . . took

14  possession of the property at issue."  *Id.* at 8.  Second, the County Defendants argue that the

15  relevant code section "expressly governs lost possessions, not confiscated possessions."  County

16  Reply at 3.  In response, Plaintiff argues that the FAC sufficiently alleges that the County

17  Defendants confiscated and/or seized the property.  ECF No. 96 at 5 (citing FAC ¶¶ 24, 56).

18      The Court agrees with the County Defendants that Plaintiff's FAC falls short of alleging

19  that the individual defendants obtained possession of her property.  Her specific allegations about

20  the officers pertain only to the circumstances of her arrest, *see* FAC ¶¶ 18–19, and all she provides

21  regarding the subsequent possession of her property is that "[h]er RV was towed," "[h]er trailer

22  . . . was towed," "[s]he also lost bicycles, pots, pans, jewelry, . . . a tow bar[,] . . . eighteen 55-

23  gallon drums" and their contents, and at least $20,000 in cash, *see* FAC ¶¶ 21–22.  Plaintiff does

24  not say who, specifically, confiscated or took possession of those items, so it is unclear whether

25  the individual officers did so or whether some other employee(s) of the County of Monterey

26  collected the property.  Since section 2080 applies where a "person . . . finds and takes possession

27  of" property, the Court concludes that Plaintiff needs to allege possession by the individual officer

28  defendants in order to make her claim against them for violation of this code section plausible.

United States District Court
Northern District of California

1    Therefore, the Court DISMISSES Count VII of the First Amended Complaint against Scott Davis,

2    Angel Estrada, Matthew Mendoza, and Matthew Perez.

3          Plaintiff has already had the opportunity to amend this claim and was unsuccessful in

4    doing so.  Moreover, this case was filed over two years ago, *see* ECF No. 1, and the trial date is

5    approximately seven months away, *see* ECF No. 68.  It would unduly prejudice the individual

6    officer defendants for Plaintiff to receive another opportunity to amend her complaint at this late

7    stage, so the dismissal is WITHOUT LEAVE TO AMEND.  *See Eminence Capital*, 316 F.3d at

8    1052.

9         **E.  Count VIII: Conversion**

10          "The elements of a claim for conversion under California law are: (1) the plaintiff's

11    ownership or right to possession of property; (2) the defendant's conversion by a wrongful act or

12    disposition of property rights; and (3) damages."  *Cottrell v. AT&T Inc.*, No. 19-CV-07672, 2020

13    WL 4818606, at *5 (N.D. Cal. Aug. 19, 2020) (quoting *Welco Elecs., Inc. v. Mora*, 223 Cal. App.

14    4th 202, 208 (2014)) (cleaned up).  The County Defendants argue that Count VIII should be

15    dismissed against both the County of Monterey and the individual defendants.  County Mot. at 8–

16    9.

17          Regarding the County of Monterey, Defendants state that the County has immunity from

18    common law tort claims like conversion under California Government Code section 815, which

19    says that "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury,

20    whether such injury arises out of an act or omission of the public entity or a public employee or

21    any other person."  Cal. Gov't Code § 815; County Mot. at 8 (citing *Nozzi v. Hous. Auth. of City of*

22    *Los Angeles*, 806 F.3d 1178, 1200 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en*

23    *banc* (Jan. 29, 2016)).  Plaintiff's response is twofold.  First, Plaintiff says that California

24    Government Code section 815.2 renders the County liable for "injury proximately caused by an

25    act or omission of an employee of the public entity within the scope of his employment if the act

26    or omission would, apart from this section, have given rise to a cause of action against that

27    employee."  ECF No. 96 at 6.  Plaintiff argues that she has pled vicarious liability in her

28    complaint.  *Id.*  Second, Plaintiff says that California Government Code section 815.6 establishes

10

United States District Court
Northern District of California

1    liability for a public entity that is "under a mandatory duty imposed by an enactment that is

2    designed to protect against the risk of a particular kind of injury" and "fail[s] to discharge the

3    duty," unless the entity shows that it exercised reasonable diligence in attempting to discharge the

4    duty.  *Id.* at 7.  Plaintiff argues that the County had a duty to protect her property under California

5    Civil Code sections 2080.2, 2080.4, and 2080.6, and its failure to do so renders it susceptible to

6    liability under California Government Code section 815.6.  *Id.*  On Reply, the County Defendants

7    argue that Plaintiff had not pled section 815.2 or 815.6 as bases for liability in her First Amended

8    Complaint.  County Reply at 3.

9         When reviewing a complaint submitted by a *pro se* plaintiff, courts should "liberally

10   construe[]" the pleading, holding it to "less stringent standards than formal pleadings drafted by

11   lawyers."  *Erickson*, 551 U.S. at 94.  Under that more forgiving standard, the Court finds that

12   Plaintiff has adequately pled the County's liability under sections 815.2 and 815.6 of the

13   California Government Code.  While admittedly Plaintiff did not title her eighth cause of action

14   using those code sections, she plainly stated that "Defendants . . . had a duty . . . to protect [her]

15   personal property under California Civil Code §§ 2080.2, 2080.4 and 2080.6," which they

16   breached when "their agents and employees wrongly exerted dominion over the property."  FAC

17   ¶ 56.  These statements were sufficient to put the County on notice that it might be held liable for a

18   tortious injury based on vicarious liability or its failure to carry out a statutory duty.  Accordingly,

19   the Court hereby DENIES the motion to dismiss Count VIII against the County of Monterey.

20        Regarding the individual defendants, the County Defendants argue—in line with their

21   argument on Count VII of the First Amended Complaint—that Plaintiff fails to allege that the

22   individual defendants "took possession of Plaintiff's property at issue, much less conversion by a

23   wrongful act or disposition of Plaintiff's property rights."  County Mot. at 9.  The Court agrees.

24   As with Count VII, the Court finds that Plaintiff did not include any specific facts alleging that the

25   individual defendants actually took possession of any of Plaintiff's property, since it is ambiguous

26   as to whether it was the officers themselves or other County employees who confiscated the items.

27   Therefore, the Court DISMISSES Count VIII of the First Amended Complaint against Scott

28   Davis, Angel Estrada, Matthew Mendoza, and Matthew Perez.  For the same reasons as stated

United States District Court
Northern District of California

11

1    with regard to Count VII, the dismissal is WITHOUT LEAVE TO AMEND.

2        **F.  Count X: Battery**

3        Similar to their argument on Count VIII, the County Defendants argue that Plaintiff's tenth

4    cause of action for battery fails insofar as it is asserted against the County of Monterey, because

5    the County is immune against battery claims under California Government Code section 815.

6    County Mot. at 9.  Here, too, Plaintiff responds that she has "alleged the required elements for

7    vicarious liability," rendering the County of Monterey subject to liability under California

8    Government Code section 815.2.  ECF No. 96 at 7.

9        The Court agrees with Plaintiff that her allegations in the First Amended Complaint are

10    sufficient to state a claim under section 815.2, despite the fact that she did not title the tenth cause

11    of action accordingly.  Specifically, the First Amended Complaint states that "[a]t the time of the

12    offensive contact, Mendoza, Davis, Estrada, and Perez were employees, servants, and/or agents of

13    the Monterey County Sheriff's Department, acting in the course and scope of their employment."

14    FAC ¶ 66.  This allegation of potential vicarious liability was sufficient to put the County on

15    notice that it might be liable under California Government Code section 815.2, so the Court

16    DENIES the motion to dismiss Count X of the First Amended Complaint against the County of

17    Monterey.

18        **G.  Count XI: Wrongful Eviction**

19        Count XI of Plaintiff's First Amended Complaint asserts a cause of action for wrongful

20    eviction against the County of Monterey and One Starfish, setting forth four theories for the claim:

21    California common law, section 1946 of the California Civil Code, Chapter 4 of Title 3 of Part 3

22    of the California Code of Civil Procedure, and "other applicable statutes and laws."  FAC ¶ 74.

23    Only One Starfish challenges this cause of action.  The Court will address Plaintiff's various

24    theories in turn.

25            **i.        California Common Law**

26        To state a claim for wrongful eviction under California common law, a plaintiff must show

27    that she is "a person in peaceable possession of real property" and that she suffered damages due

28    to "injuries to [her] person and goods caused by the forcible entry of one who is, or claims to be,

United States District Court
Northern District of California

the lawful owner or possessor" of the property.  *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1039 (2009).  One Starfish argues that Plaintiff cannot establish "peaceable possession" of the property in question, because the FAC fails to "allege the existence of any lease" that would support Plaintiff's "right to exclusive possession as against the whole world" of certain property.  Starfish Mot. at 4.  Furthermore, One Starfish argues that "no case in California recognizes a leasehold interest in a parking space in a parking lot."  *Id.*

In the order on One Starfish's motion to dismiss Plaintiff's initial Complaint, the Court gave Plaintiff leave to amend her common law wrongful eviction theory in order to "allege further facts showing tenancy even in the absence of allegations that she paid rent."  MTD Order at 5.  In her First Amended Complaint, Plaintiff expanded on the facts set out in the initial Complaint by stating that she "was informed and led to believe by representatives of One Starfish (including program manager Dorian Manuel) that she was a registered member" of the Safe Parking Program, that "she was treated as part of [the] program," that she "was featured in One Starfish'[s] brochure for the project," which was used "for program advertising purposes, including to help One Starfish raise funds," and that she contributed to the upkeep of the parking lot through cleaning, distributing food, and other tasks.  FAC ¶¶ 70, 73.

The Court agrees that providing services can be sufficient consideration to support establishment of a leasehold interest in property.  *See* Cal. Civ. Code § 1605 ("Any benefit conferred . . . upon the promisor, by any other person, to which the promisor is not lawfully entitled, . . . as an inducement to the promisor, is a good consideration for a promise."); *Karz v. Mecham*, 120 Cal. App. 3d Supp. 1, 4 (App. Dep't Super. Ct. 1981) (indicating that a person may secure tenancy rights in employer-provided property).  But in order to qualify as "consideration," the benefit conferred (or prejudice suffered) "must actually be bargained for as the exchange for the promise."  *Prop. California SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018).  As One Starfish argues in this second motion to dismiss, Starfish Mot. at 6, Plaintiff's First Amended Complaint still fails to show the necessary connection between her actions and the alleged promise by One Starfish.  That is to say: Plaintiff states that she helped maintain the parking lot and that she permitted her photograph to be used for fundraising purposes, but she does

1    *not* allege that these actions were undertaken *because of* a promise by One Starfish that she would

2    have a permanent property interest in the parking space if she provided those services.  Without

3    that connection, any representation by a One Starfish team member that she could remain in her

4    space indefinitely was a gratuitous promise insufficient to confer an actual interest in any real

5    property.  The Court therefore DISMISSES Plaintiff's common law wrongful eviction theory

6    under Count XI of the First Amended Complaint.  Plaintiff has already failed to amend one time,

7    and the Court finds that Defendant One Starfish would be unduly prejudiced if Plaintiff were to

8    receive another opportunity to amend her complaint at this late stage in the litigation.  Therefore,

9    the dismissal is WITHOUT LEAVE TO AMEND.

10                **ii.    California Civil Code § 1946**

11                Section 1946 of the California Civil Code states that when a person "hire[s] . . . real

12    property, for a term not specified by the parties," such a tenancy can only be terminated by written

13    notice 30 days in advance.  Cal. Civ. Code § 1946.  One Starfish challenges the sufficiency of the

14    First Amended Complaint under this theory based on Plaintiff's failure to allege facts showing that

15    she paid rent or otherwise provided compensation in exchange for the parking spot, arguing that

16    Plaintiff therefore does not qualify as a "hirer" of real property.  Starfish Mot. at 5.  Plaintiff

17    responds by repeating her argument that her contributions to the upkeep of the parking lot and her

18    participation in One Starfish promotional efforts were consideration for her permanent occupancy

19    of the parking space in question.  ECF No. 97 at 4.

20                While Plaintiff's *brief* says explicitly that "she had an agreement with One Starfish for the

21    permanent occupancy of a specific parking space, and in return, she contributed to the upkeep,

22    maintenance, and security of the parking lot," *id.*, her *First Amended Complaint* makes no such

23    connection between her services and her occupancy of the space, *see* FAC ¶¶ 68–77.  Nor does it

24    offer specific facts demonstrating that there was a meeting of the minds between herself and One

25    Starfish regarding a bargained-for exchange of services and a leasehold interest in the space.

26    Thus, for similar reasons as applied to Plaintiff's common law theory, the Court DISMISSES

27    Plaintiff's theory based on Section 1946 of the California Civil Code under Count XI of the First

28    Amended Complaint.  For the same reasons as stated with regard to Plaintiff's common law

1  wrongful eviction theory, this dismissal is WITHOUT LEAVE TO AMEND.

2    **iii.    California Code of Civil Procedure § 1159**

3    Section 1159 of the California Code of Civil Procedure establishes liability for "forcible

4  entry" where a person "enters upon or into any real property" by "breaking open doors, windows,

5  or other parts of a house, or by any kind of violence or circumstance of terror" or who "after

6  entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party

7  in possession." Cal. Code Civ. Proc. § 1159(a). The section defines "party in possession" to

8  include "any person who hires real property." *Id.* § 1159(b).

9    One Starfish argues that Plaintiff's First Amended Complaint does not adequately address

10  this Court's reasons for dismissing this theory in Plaintiff's initial Complaint. Starfish Mot. at 7.

11  In the order on One Starfish's first motion to dismiss, the Court explained that Plaintiff had "failed

12  to allege sufficient facts showing that she was a hirer of real property or that she otherwise had

13  rights to the real property on which her RV rested," as required to support a claim of forcible

14  entry. MTD Order at 10. As discussed in the previous two subsections of the present order,

15  Plaintiff's First Amended Complaint still falls short in this regard, having failed to offer specific

16  facts showing a meeting of the minds between Plaintiff and One Starfish about Plaintiff's

17  purported contractual interest in the parking space. Accordingly, the Court DISMISSES

18  Plaintiff's theory based on section 1159 of the California Code of Civil Procedure under Count XI

19  of her First Amended Complaint. For the same reasons as stated with regard to Plaintiff's

20  common law wrongful eviction theory, this dismissal is WITHOUT LEAVE TO AMEND.

21    **H. Count XII: Injunctive Relief**

22    The County Defendants argue that Plaintiff's cause of action for "Injunctive Relief" should

23  be dismissed "because injunctive relief is a remedy and not an independent cause of action."

24  County Mot. at 9 (citing *EVIG, LLC v. Natures Nutra Co.*, 685 F. Supp. 3d 991, 996 (D. Nev.

25  2023), and *Lorona v. Arizona Summit L. Sch., LLC*, 151 F. Supp. 3d 978, 997 (D. Ariz. 2015)).

26  Plaintiff agrees. ECF No. 96 at 8. The Court hereby DISMISSES Count XII WITHOUT LEAVE

27  TO AMEND, although the Court remains able to issue injunctive relief as a remedy if appropriate.

28

United States District Court
Northern District of California

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's false arrest theory based on the California Constitution in Count I is DISMISSED WITHOUT LEAVE TO AMEND against all relevant defendants.

2.  Counts IV, V, IX, and XII are DISMISSED WITHOUT LEAVE TO AMEND against all relevant defendants.

3.  Counts II and III are DISMISSED WITHOUT LEAVE TO AMEND against the County of Monterey.  Plaintiff's claim for unreasonable seizure of property in violation of the Fourth Amendment in Count I is likewise DISMISSED WITHOUT LEAVE TO AMEND against the County of Monterey.  Plaintiff may proceed on these causes of action against the individual officer defendants.

4.  Counts VII and VIII are DISMISSED WITHOUT LEAVE TO AMEND against Scott Davis, Angel Estrada, Matthew Mendoza, and Matthew Perez.  The motion to dismiss Count VIII against the County of Monterey is DENIED.

5.  The motion to dismiss Count X against the County of Monterey is DENIED.

6.  Count XI is DISMISSED WITHOUT LEAVE TO AMEND against One Starfish, Inc. Since the County did not challenge Count XI, Plaintiff may proceed on Count XI against the County of Monterey.

**IT IS SO ORDERED.**

Dated:  December 19, 2024

BETH LABSON FREEMAN
United States District Judge