UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHASHA SAGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No.  5:22-cv-07083-BLF<br><br>**ORDER GRANTING COUNTY OF MONTEREY'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re: Dkt. No. 103] |

Before the Court is Defendant County of Monterey's ("County") Motion for Judgment on the Pleadings as to Plaintiff Shasha Sage's ("Sage") eleventh cause of action. Dkt. No. 103 ("Mot."). No opposition to the motion has been received, and the briefing is now closed. *See* Dkt. No. 104. The Court previously determined that this motion is suitable for resolution without oral argument and vacated the hearing date. Dkt. No. 105.

For the following reasons, the Court GRANTS the County's motion.

**I.   BACKGROUND**

　**A.   Factual Background**

Sage alleges that she was a "registered member of the One Starfish Safe Parking Program," which enabled her to park in a parking lot located at 2616 1st Avenue in Marina, California. Dkt. No. 90 ("FAC") ¶ 17. The operator of the Safe Parking Program permitted Sage to "park her RV in the lot permanently, including overnight[]," and Sage had been parking in her designated space for two and a half years as of November 12, 2021. *Id.* ¶¶ 17–18. On that date, however, Sage was evicted from the parking lot by the Monterey County Sheriff's Department and denied access to her RV. *Id.* ¶ 18. She had not previously received an eviction notice. *Id.*

### B. Procedural Background

Plaintiff filed her initial Complaint in this case on November 10, 2022. Dkt. No. 1. After answering the Complaint in March 2023, Dkt. No. 18, Defendants County of Monterey, Scott Davis, Angel Estrada, Matthew Mendoza, and Matthew Perez filed a Motion for Summary Judgment on October 6, 2023, Dkt. No. 32. The Court issued its order on the Motion for Summary Judgment on June 10, 2024, granting summary judgment in favor of the County Defendants on Claim I to the extent it raised a claim for false arrest in violation of the Fourth Amendment, Claim IV (state-created danger in violation of the Fourteenth Amendment), Claim V (violation of the Bane Act), Claim VI (*Monell* liability), Claim IX (false arrest), and Claim XI (wrongful eviction) to the extent that it raised a claim under the Recreational Vehicle Occupancy Law. Dkt. No. 82 at 29–30.

Meanwhile, former Defendant One Starfish, Inc. ("One Starfish") filed a motion to dismiss Claim XI of Plaintiff's initial Complaint, which was for wrongful eviction. Dkt. No. 60. The Court granted the motion to dismiss on May 28, 2024, dismissing Plaintiff's common law wrongful eviction, California Civil Code § 1946, and forcible entry theories with leave to amend. Dkt. No. 80 at 10. Plaintiff then filed her First Amended Complaint on August 5, 2024, including reasserting those three theories on Claim XI against both One Starfish and the County. Dkt. No. 90. The County Defendants filed a Motion to Dismiss, in whole or in part, all claims in the First Amended Complaint other than Claim XI. Dkt. No. 91. One Starfish filed its own Motion to Dismiss, again seeking dismissal of Claim XI. Dkt. No. 94. On December 19, 2024, the Court issued an order granting in part and denying in part without leave to amend the County Defendants' motion to dismiss, and granting One Starfish's motion to dismiss without leave to amend. Dkt. No. 100.

## II. LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial. Fed. R. Civ. P. 12(c). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*,

598 F.3d 1181, 1185 (9th Cir. 2010) (Smith, J., dissenting) (citing *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993)). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

### III. DISCUSSION

Claim XI of Plaintiff's First Amended Complaint asserts a cause of action for wrongful eviction, setting forth various theories for the claim: California common law, section 1946 of the California Civil Code, and Chapter 4 of Title 3 of Part 3 of the California Code of Civil Procedure. FAC ¶ 74. This claim was dismissed against former Defendant One Starfish without leave to amend. Dkt. No. 100 at 16. The pleadings in this case are now closed, and the County moves for judgment on the pleadings on Claim XI based on the same deficiencies identified by One Starfish. The Court will address Plaintiff's various theories in turn.

**A. California Common Law**

To state a claim for wrongful eviction under California common law, a plaintiff must show that she is "a person in peaceable possession of real property" and that she suffered damages due to "injuries to [her] person and goods caused by the forcible entry of one who is, or claims to be, the lawful owner or possessor" of the property. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1039 (2009). The County argues that Plaintiff cannot establish "peaceable possession of real property," because "Plaintiff's RV is not real property." Mot. at 2–3.

The County is correct that the RV is not "real property," since, as the County points out, "real property" is defined as land or an object that is immovable or affixed to land. *See* Cal. Civ. Code § 658. Accordingly, Plaintiff's California common law wrongful eviction claim cannot be based on her eviction from the RV. As an alternative basis for this claim, the Court understands Plaintiff to be attempting to allege peaceable possession of the *parking space* in the safe parking lot. *See* FAC ¶¶ 70–72. The County does not address this theory in its motion. Nonetheless, the County is entitled to judgment on the pleadings as to Plaintiff's common law wrongful eviction theory, because Plaintiff has failed to allege facts showing tenancy or another possessory interest

3

in the parking space.

In her First Amended Complaint, Plaintiff alleges that she was told "that she could keep her RV in [the] [parking] space permanently, including overnight[.]" FAC ¶ 71. She also alleges that she "parked her RV in the same parking space at the parking lot for 2 ½ years," which she believes gave her "leasehold rights in the specific portion of the parking lot upon which her RV was parked and made her a 'hirer' of real property." *Id.* ¶ 72. Plaintiff further states that she "was informed and led to believe by representatives of One Starfish . . . that she was a registered member" of the Safe Parking Program, that "she was treated as part of [the] program," that she "was featured in One Starfish'[s] brochure for the project," which was used "for program advertising purposes, including to help One Starfish raise funds," and that she contributed to the upkeep of the parking lot through cleaning, distributing food, and other tasks. *Id.* ¶¶ 70, 73.

The Court agrees that providing services can be sufficient consideration to support establishment of a leasehold interest in property. *See* Cal. Civ. Code § 1605 ("Any benefit conferred . . . upon the promisor, by any other person, to which the promisor is not lawfully entitled, . . . as an inducement to the promisor, is a good consideration for a promise."); *Karz v. Mecham*, 120 Cal. App. 3d Supp. 1, 4 (App. Dep't Super. Ct. 1981) (indicating that a person may secure tenancy rights in employer-provided property). But in order to qualify as "consideration," the benefit conferred (or prejudice suffered) "must actually be bargained for as the exchange for the promise." *Prop. California SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1165 (2018) (citation omitted). And without any consideration, the mere fact that Plaintiff parked her RV in the same space for two and a half years does not give her "leasehold rights" in that space.

Since the First Amended Complaint does not assert facts suggesting that Plaintiff either paid rent or was promised a leasehold in exchange for her upkeep services around the parking lot, Plaintiff has failed to allege a bargained-for exchange sufficient to establish a leasehold interest in the parking space. For that reason, the Court granted One Starfish's motion to dismiss the California common law wrongful eviction theory under Claim XI. Dkt. No. 100 at 13–14. The same flaw dooms the theory as asserted against the County. Therefore, the County's motion for judgment on the pleadings on Claim XI is GRANTED as to Plaintiff's California common law

4

wrongful eviction theory.

## B. California Civil Code § 1946

Section 1946 of the California Civil Code states that when a person "hire[s] . . . real property, for a term not specified by the parties," such a tenancy can only be terminated by written notice 30 days in advance. Cal. Civ. Code § 1946(a). The County argues that "Plaintiff has failed to state a claim [on this theory] because she does not allege any facts that would plausibly support a finding that she is a 'hirer' of real property." Mot. at 3. Although California Civil Code section 1940 does not define "hire," the County argues that "there is no contextual evidence that the statute's use of the term 'hire' departs from the ordinary meaning of the term," which suggests that some form of payment is received in return for the ownership interest. *Id.*

The Court agrees with the County. As the Court stated in its order on former Defendant One Starfish's first motion to dismiss, *see* Dkt. No. 80 at 7, "absent contextual evidence that [the legislature] intended to depart from the ordinary meaning of an undefined term, the ordinary meaning of language expresses the legislative purpose." *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023) (cleaned up) (first citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 574 (2012); then quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 57 (1990)). Section 1940—which provides relevant definitions—does not define "hire," and there is no contextual evidence that the statute's use of the term "hire" departs from the ordinary meaning of the term. The ordinary meaning of "hire" includes payment. *See* Black's Law Dictionary (12th ed. 2024) ("1. To engage the labor or services of another *for wages or other payment*. 2. To procure the temporary use of property, *usu. at a set price*."). Again, Plaintiff's First Amended Complaint does not allege that she paid for the parking space, nor that there was a bargained-for exchange of her services in return for a property interest in the space. Thus, for similar reasons as discussed with regard to Plaintiff's common law wrongful eviction theory, the Court GRANTS the County's motion for judgment on the pleadings as to Plaintiff's California Civil Code section 1946 theory.

## C. California Code of Civil Procedure § 1159

Section 1159 of the California Code of Civil Procedure establishes liability for "forcible entry" where a person "enters upon or into any real property" by "breaking open doors, windows,

5

or other parts of a house, or by any kind of violence or circumstance of terror" or who "after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession." Cal. Code Civ. Proc. § 1159(a). The section defines "party in possession" to include "any person who hires real property." *Id.* § 1159(b).

The County argues that Plaintiff's pleadings fail as a matter of law on this theory as well, because Plaintiff fails to allege "that the County broke any part of a house, or [used] violence to enter upon real property," or that the County's officers "entered peaceably" but then "applied force, threats, or menacing conduct" to oust her from real property. Mot. at 4. The County reiterates that Plaintiff's RV is not "real property," and that Plaintiff has not shown that she was a "hirer" or tenant of the parking space. *Id.*

Again, the Court agrees with the County. In the order on former Defendant One Starfish's first motion to dismiss, the Court explained that Plaintiff had "failed to allege sufficient facts showing that she was a hirer of real property or that she otherwise had rights to the real property on which her RV rested," as required to support a claim of forcible entry. Dkt. No. 80 at 10. Plaintiff's First Amended Complaint still falls short in this regard, having failed to offer specific facts showing that Plaintiff came to an agreement with One Starfish that would give her a property interest in her parking space. And although the RV is Plaintiff's property, it is not "real property" on which a claim under section 1159 can be based. *See Smith v. Mun. Ct.*, 202 Cal. App. 3d 685, 689 (1988) (finding that a boat is not real property for purposes of unlawful detainer). Accordingly, the Court GRANTS the County's motion for judgment on the pleadings on Claim XI as to Plaintiff's California Code of Civil Procedure section 1159 theory.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the County's Motion for Judgment on the Pleadings is GRANTED.

**IT IS SO ORDERED.**

Dated: March 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge

6